ENTERED NOV 0 7 2014

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-13-58

TDW-CUM-05-13-14

DONNA GREENE,

      Plaintiff,

v.

      ORDER

DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

      Defendant.

STATE OF MAINE
Cumberland ss, Clerk's Office

MAY 13 2014

RECEIVED

Before the court is Donna Greene's appeal from a decision by the Maine Department of Health and Human Services determining that she is eligible for 11 hours of services per week under the MaineCare program for Private Duty Nursing and Personal Care Services. This represented a reduction of her personal care service hours from the 15 hours per week that she had previously been receiving.

The private duty nursing and personal care services which Ms. Greene receives consist of a monthly visit by a registered nurse and personal care visits by a CRMA (certified medical assistant), also referred to as a Personal Support Specialist (PSS), who assists Ms. Greene with such activities as personal hygiene, health maintenance, light housework, grocery shopping, and laundry.

Personal care services are made available for what are characterized as Activities of Daily Living (ADLs) and Instrumental Activities of Daily Living (IADLs) to the extent that the recipient of such services needs assistance in those areas.[1] The specific

---

[1] ADLs can include bed mobility, transfer, locomotion, dressing, eating, toilet use, personal hygiene/shampoo, nail care, and health maintenance. IADLs can include meal preparation, routine housework, grocery shopping, laundry, and money management. R. Tab C at 3.

services at issue in this case involve the amount of hours of personal care services that Ms. Greene needs for health maintenance in the form of exercise, for foot care, and for shampooing.

Procedural History

Ms. Greene is 61 years old and suffers from hypertension, arthritis, depression, anxiety, emphysema (alternatively referred to in her records as COPD – chronic obstructive pulmonary disease), and headaches. She had lung cancer, which resulted in a lobectomy (surgical removal of a lobe of a lung) in 2008.

Pursuant to an evaluation in August 2012 Ms. Greene was found eligible for MaineCare Home and Community Based Benefits, which included 15 hours per week of personal care services. (R. Tab G-1). After a report from her personal support specialist that Ms. Greene was no longer requiring assistance with bed mobility, transfer, and locomotion,[2] she was re-evaluated on April 3, 2013. R. Tab HO-1 at pages 24-25. Ms. Greene was found not eligible for Home and Community Based benefits. R. Tab HO-1 at 27-28. Based on her assessment, however, Ms. Greene was found eligible for 9.5 hours per week of personal care services under MaineCare's Private Duty Nursing and Personal Care Services program. R. Tab HO-1 at 31-32.

Ms. Greene, represented by Katherine Griffin of Legal Services for the Elderly, filed an administrative appeal. She did not contest the denial of Home and Community Based benefits, but she did contest the reduction of her eligibility for personal care

---

[2] See R. Tab HO-1, Referral Note of March 29, 2013. This document appears as the 23rd page of Tab HO-1. The record has not been paginated. M.R.Civ.P. 80C does not require that the record be paginated, but the absence of page numbers makes it extraordinarily difficult to cite to the record.

2

services to 9.5 hours per week. See R. Tab HO-1 at pages 2, 4; R. Tab B (closing argument presented on behalf of Ms. Greene).[3]

After a hearing, the administrative hearing officer determined that Ms. Greene was entitled to 11 hours of personal care services, more than the 9.5 hours that had originally been assessed but less than the 13.5 hours that Ms. Greene was seeking. R. Tab C. The hearing officer found that not enough time had been budgeted for foot care and that, given Ms. Greene's shortness of breath, not enough time had been budgeted for shampooing. He found that the amount budgeted for exercise adequately accounted for Ms. Greene's needs for personal care assistance in that area. R. Tab C at 7-9.

Discussion

The court's role on this appeal is to determine whether the Department correctly applied the law and whether its findings are supported by any competent evidence. McPherson Timberlands Inc. v. Unemployment Insurance Commission, 1998 ME 177 ¶ 6, 714 A.2d 818, 820. The court cannot overrule a decision of the Department unless the record compels a contrary result. Id. The court also cannot substitute its own judgment for that of the agency and must affirm findings of fact if they are supported by substantial evidence in the record. Rangeley Crossroads Coalition v. Land Use Regulation Commission, 2008 ME 115 ¶ 10, 955 A.2d 223, 227.

Thus, even if the court would have assessed the evidence differently, it is the agency's role to determine credibility and to reconcile conflicts in the evidence. See

---

[3] At the administrative hearing, counsel for Ms. Greene argued that Ms., Greene should receive 10.5 hours per week of personal care services for Activities of Daily Living (ADLs). Id. Ms. Greene had already been found eligible to receive three hours of services for Instrumental Activities of Daily Living (IADLs), which was the maximum allowable for IADLs for a person in Ms. Greene's position. 10-144 C.M.R. Ch. 101 MaineCare Benefits Manual Ch. II § 96.04-2(C)(1). See R. Tab C at 8. As a result, at the administrative hearing Ms. Greene was seeking to be found eligible for a total of 13.5 hours of services.

Sprague Electric Co. v. Maine Unemployment Insurance Commission, 544 A.2d 728, 732 (Me. 1988).

In this case, if left to its own devices, the court might have given more weight to the note from Ms. Greene's nurse practitioner and to the testimony of Ms. Greene and of her personal support specialist, Cindy Meserve. As a result, it might have found that, given Ms. Greene's emphysema, she should have been eligible for additional personal care hours beyond the 11 hours found by the hearing officer. However, the court cannot substitute its judgment for that of the hearing officer and cannot find that the evidence compels a conclusion that the hearing officer's decision was incorrect.[4]

There is evidence in the record from which the hearing officer could have found that Ms. Greene's mobility had improved and that she could get around without significant difficulty. E.g., R. Tab D-1; R. Tab HO-1 at page 24; Hearing Tr. 9.[5] Recognizing that not enough time had been allowed for shampooing and foot care, the hearing officer was nevertheless entitled to find that the amount requested by Ms. Greene for those activities was excessive. See R. Tab C at 8-9. He therefore increased her total personal care services by 1.5 hours but not by as much as Ms. Greene wanted. The hearing officer's decision also demonstrates that all other issues relating to Ms. Greene's need for personal care services were considered, and there is evidence to support the findings that were reached.

On this appeal, Ms. Greene raises one other issue. She contends that her personal care hours were cut because she made a number of complaints about her personal care attendants. There is evidence in the record of such complaints and she also testified

---

[4] Because Ms. Greene is representing herself on this appeal, the court gave particular attention to the arguments presented by counsel on her behalf at the administrative hearing.

[5] At the hearing Ms. Greene demonstrated to the hearing officer how she can move from a sitting to a standing position on her own. Hearing Tr. 75.

about those complaints at the hearing. R. Tab HO-1 at page 24; Hearing Tr. 73. However, the assessment that Ms. Greene challenged at the administrative hearing was not performed by the home health agencies about which Ms. Green had complained but by Goold Health Systems. She has not offered any basis for a claim of bias or retaliation by Goold Health Systems.

More importantly, the decision she is now appealing is a decision by a DHHS hearing officer, and there is no basis in this record for any claim of bias or retaliation on the part of the departmental hearing officer. A claim of bias is not cognizable unless the allegedly biased party participated in the decision being appealed. E.g., Quintal v. City of Hallowell, 2008 ME 155 ¶ 25, 956 A.2d 88.

It is entirely possible that Ms. Greene's emphysema and other medical conditions will become progressively worse and that her need for personal care services will have to be re-assessed in the future. On this record, the decision of the hearing officer with respect to her eligibility for personal care services as of September 2013 must be affirmed.

The entry shall be:

The September 13, 2013 decision of the Department with respect to plaintiff's eligibility for personal care services is affirmed. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May _13_, 2014

_____
Thomas D. Warren
Justice, Superior Court

5

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JANINE RAQUET ESQ
OFFICE OF THE ATTORNEY GENERAL
84 HARLOW STREET 2ND FLOOR
BANGOR ME 04401

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

DONNA M GREENE
216 BRIGHTON AVENUE #1
PORTLAND ME 04102